**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

OTIS LEE BOYD,

               Plaintiff(s),                    08cv0012

                                                      **ELECTRONICALLY FILED**

    v.

GERALD ROZUM, ATTORNEY GENERAL
OF THE STATE OF PENNSYLVANIA,

               Defendant(s).

**MEMORANDUM OPINION**

**I.**       **Introduction**

      Petitioner (Otis Lee Boyd) filed his Petition for Writ of Habeas Corpus on January 3,

2008 (doc. no. 1), and was referred to United States Magistrate Judge Francis X. Caiazza for

pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules

72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.  The matter was later referred to then

United States Magistrate Judge Cathy Bissoon.

      Magistrate Judge Bissoon issued a Report and Recommendation which was filed on

February 13, 2009, that recommended the Petition for Writ of Habeas Corpus filed by Petitioner

Boyd be dismissed, and that a certificate of appealability be denied.  Doc. No. 29.  Petitioner

filed objections on March 2, 2009.  Doc. No. 30.

      This Court conducted a *de novo* review of the pleadings and the documents in this case,

and after reviewing the Report and Recommendation and the objections thereto, on March 3,

2009, entered an Order dismissing the Petition for Writ of Habeas Corpus filed by Otis Lee Boyd

and denied a certificate of appealability.  Doc. Nos. 31 and 32.

Petitioner filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit (C.A. No. 09-1940).  Doc. No. 33.  On August 12, 2009, the Court of Appeals for the Third Circuit denied Petitioner's Certificate of Appealability by holding in a one-page Order that reasonable jurists could not debate this Court's conclusions that Petitioner's claims for habeas corpus are procedurally defaulted and are barred from review on the merits.  Doc. No. 42.

Now, almost three years after the decision of the Court of Appeals and three and a half years after the ruling of this Court, Petitioner has filed a "Motion for Relief from Final Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b)."  Doc. No. 38.  On August 16, 2012, the Commonwealth filed its Response thereto.  Doc. No. 46.

## II.      Standard of Review

Relief under Federal Rule of Civil Procedure 60(b) is extraordinary and only special circumstances such as (1) mistake or excusable neglect, (2) newly discovered evidence, (3) fraud,  . . . or (6) any other reason that justifies the reopening of a final judgment.  *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004).  A motion under Rule 60(b) "must be made within a reasonable time - and for sections (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  The United States Court of Appeals for the Third Circuit has explicitly stated that the timing of the motion under Rule 60(b)(6) "may not be used as a catchall to avoid the one-year limitation."  *Gambocz v. Ellmyer*, 438 F.2d 915, 917 (3d Cir. 1971); *Shenhan v. Potter*, 2006 WL 840340 (W.D. Pa. 2006).

## III.     Discussion

The Court, like the Commonwealth, has had difficulty deciphering Petitioner's arguments, but he appears to be arguing that: (1) the Commonwealth "concealed an Amended

2

PCRA Petition dated for December 31, 2003, . . . an unlawful entry intended to replace the one in the official certified record stamped filed by the Clerk of Court on December 12, 2003"; (2) that PCRA Counsel, Thomas Farrell, perpetrated a fraud upon the courts (in concert with the Commonwealth); and, (3) the Honorable Jeffrey A. Manning perpetrated a fraud by modifying the official record that changed the filing date of the Amended PCRA from December 12, 2003 to December 31, 2003.

A review of the record reveals that Petitioner's state conviction became final, under AEDPA, on January 20, 1997.  As rehearsed, the Order on the Petition for Writ of Habeas Corpus became final on March 3, 2009, and the Certificate of Appealability was denied on August 12, 2009.

Petition now appears to be raising claims of fraud under Rule 60(b)(3).  Inasmuch as the instant motion was filed on July 16, 2012, well beyond the one year time limitation enunciated in Rule 60(b), said Motion is undoubtedly untimely.  Therefore, any alleged fraud, besides being meritless, is barred by the filing deadlines set forth in Rule 60(b).

Briefly though, as for Petitioner's allegations regarding some form of fraud regarding the dating of the PCRA Petition, and as the Commonwealth points out, and this Court agrees, even if the PCRA Petition was misdated (and it was not), there is no substantive effect from this discrepancy.  Accordingly, a review of Petitioner's claims is also denied on the merits.

Finally, although it does not appear that Petitioner is making a challenge of PCRA counsel that fits within the ambit of the newly decided case of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) (rather he alleges some form of fraud against PCRA counsel, Attorney Farrell) out of an abundance of caution, the Court has analyzed his claim against the backdrop of this landmark precedent.  *Martinez v. Ryan*, however, is not applicable to the allegations made herein.  In

3

*Martinez*, the United States Supreme Court held that inadequate assistance by PCRA counsel may establish "cause" for a procedural default if PCRA counsel was ineffective under the standards enunciated in the oft-cited *Strickland* case.  *Strickland v. Washington*, 466 U.S. 668 (1983).  However, this is only applicable to situations where PCRA counsel failed to raise issues of trial counsel's alleged ineffectiveness, and thereby procedurally defaulted the claims on federal habeas review.  Such is not the case here, as Petitioner did not raise claim of trial counsel's ineffectiveness in his Petition for Writ of Habeas Corpus.  Instead, he advanced double jeopardy and due process claims.  Therefore, Petitioner's argument (if any) regarding the *Martinez* case would not be an appropriate manner by which to overcome the procedural default.

For the reasons set forth hereinabove, the Petitioner's "Motion for Relief from Final Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b)" will be DENIED.  An appropriate Order follows.

s/Arthur J. Schwab
Arthur J. Schwab
U.S. District Court Judge

cc:
OTIS LEE BOYD
EY4396
SCI Somerset
1600 Walters Mill Rd.
Somerset, PA 15510

4